IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUANA E. DE LEÓN NIEVES,

Plaintiff,

v.

CIVIL NO.: 08-2130 (JAG)

SALUD INTEGRAL DE LA MONTAÑA,

Defendant.

**OPINION AND ORDER**

**I.     PROCEDURAL BACKGROUND**

On December 21, 2009, defendant Salud Integral de la Montaña ("Salud Integral") filed its motion for summary judgment, and it filed a "supplemental motion for summary judgment" the following day. (Docket Nos. 24, 25, 27.) Plaintiff Juana De León Nieves ("De León") opposed the motions on March 16, 2010.  (Docket No. 57.)  In support of her opposition, plaintiff extensively cited two sworn affidavits, both dated January 29, 2010, signed by plaintiff and plaintiff's daughter, Maciel Y. Garcia De León ("Garcia"), respectively.  (Docket Nos. 57-4, 57-5.)  Pending before the court is defendant's motion to strike portions of those affidavits, which plaintiff has opposed. (Docket Nos. 63, 73.)

**II.    ANALYSIS**

**A. Plaintiff's Affidavit**

Defendant requests that the court strike paragraphs 3 through 23 of plaintiff's affidavit.  In paragraph 3, plaintiff states that because of the "hostile working environment," she went to a doctor to receive treatment for her "mental and emotional condition."  Defendant argues that the statement

1

is a conclusory statement that is not admissible in evidence. "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e). "Of course, the requisite personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise" Pérez v. Volvo Car Corp., 247 F.3d 303, 316 (1st Cir. 2001) (citing Stagman v. Ryan, 176 F.3d 986, 995 (7th Cir.1999)); see also LaRouche v. Webster, 175 F.R.D. 452, 455 (S.D.N.Y. 1996) ("When ultimate facts and legal conclusions appear in an affidavit, such extraneous material should also be disregarded by the court.").  "Hostile work environment" is a legal conclusion which is not admissible in evidence, and accordingly that phrase is stricken.  However, as the rest of paragraph 3 is based on personal knowledge and does not attest to any ultimate fact or legal conclusion, the remainder of the paragraph is not stricken.

In paragraph 4, plaintiff states that defendant never provided her a copy of the notice of her rights and obligations under COBRA.  Defendant requests that this paragraph be stricken "because it is uncontested that Plaintiff's daughter received the COBRA papers." (Docket No. 63 at 5, ¶ 2.) It is, however, a contested issue of fact whether plaintiff's daughter received the COBRA papers, and whether plaintiff was in fact provided with a copy of the notice is a matter within plaintiff's personal knowledge. Fed. R. Civ. P. 56(e); (see Docket No. 24, ¶¶ 4, 6; Docket No. 24-3 at 2-8; Docket No. 31-2 at 8-13; Docket No. 57-2 at 3, ¶ 6, at 9-10, ¶ 23 and at 23, ¶ 4; Docket No. 57-5, ¶¶ 7-8; Docket No. 61, ¶ 23.)  Accordingly, paragraph 4 of plaintiff's affidavit is not stricken.

In paragraph 5, plaintiff states that she reported to the State Insurance Fund (SIF) on February 4, 2008 in order to receive treatment for her mental and emotional condition, that she received treatment on that date, and that she informed defendant of the treatment on that date.  Defendant

2

objects to this statement because "plaintiff testified in her deposition that she never filed a claim for worker's compensation with the [SIF] during her employment with Salud Integral." (Docket No. 63, ¶ 3.)  Plaintiff testified in her deposition that she did not go to SIF while she was working. (Docket No. 31-2 at 5, ll. 15-20.)  This statement is clearly contradictory to the statement in her affidavit that she  received treatment at SIF on February 4, prior to her termination by letter dated February 5, 2008.  "When an interested witness has given clear answers to unambiguous questions [in a deposition], he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory . . . ." Colantuoni v. Alfred Calcagni & Sons, 44 F.3d 1, 4-5 (1st Cir. 1994); see also Orta-Castro v. Merck, Sharp & Dohme Quimica P.R., Inc., 447 F.3d 105, 110 (1st Cir. 2006). Accordingly, all references in plaintiff's affidavit to receiving treatment or reporting to SIF prior to February 5, 2008 are stricken.

In paragraph 6, plaintiff lists a series of "discriminatory actions committed against" her, while a number of other "younger employees" either "did nothing" or "worked under much better working conditions, working with assistance and in pairs." Defendant's first objection to paragraph 6 is as to one of the "younger employees" named in the affidavit as "Félix Pérez Rojas, of approximately 25 years old." Defendant argues that plaintiff, in her deposition, "specifically said Félix was about her age." (Docket No. 63 at 5, ¶ 4.)  Defendant references a portion of plaintiff's deposition testimony in which she indicates that "Félix" is about 50 years old.  (Docket No. 57-3 at 7-8.) However, the context of the deposition excerpt does not provide Félix's last names or otherwise conclusively establish that the "Félix" discussed in the deposition is the "Félix Pérez Rojas" referenced in plaintiff's affidavit.  Accordingly, the reference to Félix Pérez Rojas in paragraph 6 of

plaintiff's affidavit is not stricken.[1]  Defendant's second objection to paragraph 6 is that plaintiff has failed to establish her personal knowledge about the age of the other male employees mentioned in paragraph 6.[2]  "Personal knowledge may include 'reasonable inferences ... 'grounded in observation or other first-hand personal experience.'" Cobra Capital LLC v. Lasalle Bank Corp., 455 F. Supp. 2d 815, 818 (N.D. Ill. 2006) (quoting Payne v. Pauley, 337 F.3d 767, 772 (7th Cir.2003)).  It is reasonable to infer that plaintiff could state approximately how old her coworkers were. Accordingly, plaintiff's statements regarding her coworkers' approximate ages are not stricken. Defendant's third objection is more general and applies not only to paragraph 6, but also to paragraphs 7 through 23.  Defendant argues that the statements are conclusory.  To the extent that plaintiff states that actions against her were "discriminatory," the statements are conclusory and employ a legal term.  Accordingly, to the extent plaintiff refers to actions as "discriminatory" in paragraphs 7 through 23, such legal term is stricken. See Pérez, 247 F.3d at 316.  Defendant's fourth objection to paragraph 6 also applies to paragraphs 7 through 23: "[p]laintiff only complained in her deposition that she had a lot of work for a woman, but did not mention age as part of the discriminatory equation.  Indeed, Plaintiff claimed in her deposition that she was being discriminated because of her sex and did not mention age discrimination. . . . There is no evidence of age discrimination." (Docket No. 63 at 5, ¶ 4.)  The portions of plaintiff's deposition testimony

---

[1]The request to strike plaintiff's affidavit's reference to Félix Pérez Rojas is denied without prejudice, subject to defendant's providing the court with evidence conclusively establishing that the Félix to which plaintiff refers in her deposition testimony is the same Félix to which plaintiff refers in her affidavit (particularly since it is unclear from the record whether more than one person named Félix has worked for defendant).

[2]These employees are: "Félix Pérez Rojas, of approximately 25 years old, Samuel Rivera Oquendo, of approximately 35 years old, José Ocasio Rolón, of approximately 30 years old, Francisco López Berríos, of approximately 40 years old, Rafael Del Toro Torres, of approximately 35 years old." Their names and ages are also referenced, in the same manner, in paragraph 10 of plaintiff's affidavit.

referenced in support of defendant's assertion do not conclusively establish that plaintiff only complained about discrimination based on sex; indeed, in one of the referenced pages, plaintiff says that because of her age, she was made to work alone. (Docket No. 57-3 at 8, ll. 4-6; see Docket No. 57-3 at 8, 11.)  In another page of the deposition transcript, plaintiff states "they were going to fire to get young people and the one with more age was me." (Docket No. 57-3 at 14, ll. 3-5.)  Thus, plaintiff's deposition testimony does not foreclose the submission of a later affidavit indicating that defendant treated her a certain way because of her age. See Colantuoni, 44 F.3d at 4-5; Orta-Castro, 447 F.3d at 110.

**B. García's Affidavit**

Defendant requests that the court strike paragraphs 3, 4, 5, 7, 8, and 9 of García's affidavit. In paragraphs 3, 4, 5, and 7, García recounts, among other things, that between February 2, 2008 and February 7, 2008 her mother was unable to report to work because she was receiving treatment at SIF for a mental and emotional condition, that during that time García visited defendant on multiple occasions to inform defendant as to her mother's treatment and to request that Torres fill out certain documents related to her mother's treatment, and that Torres gave her plaintiff's termination letter.[3] Defendant objects to the inclusion of these paragraphs because "[p]laintiff declared in her deposition that she never filed a claim for worker's compensation with the SIF during her employment with Salud Integral. Plaintiff first filed a claim for worker's compensation at SIF after she was discharged." (Docket No. 63 at 6-7, ¶ 1.)  Plaintiff's testimony does contradict Garcia's affidavit. However, defendant has not identified precedent requiring that the court strike statements of an affiant which contradict statements in a prior deposition of someone else. See Orta-Castro, 447 F.3d

---

[3] Torres is only identified by his or her last name.

105 (upholding district court's striking of employee's sworn statements on the basis of conflict with the same employee's deposition testimony).

In paragraph 8, García states that "defendant never provided to me a copy of a notice of my mother's rights and obligations attached to [defendant's] dispositive motion as a COBRA notice, allegedly signed by me. I never received the document, nor signed the same." (Docket No. 57-5, ¶ 8.) Defendant argues that this paragraph should be stricken because plaintiff did not disclose that García had knowledge of the COBRA claims. (Docket No. 63 at 7, ¶ 2.) Plaintiff points out that she did announce García as a witness in the joint case management memorandum. (See Docket No. 13.) Although García was not identified in that memorandum as possessing information relating to plaintiff's COBRA claim, such omission is excusable since at that point in the litigation plaintiff had not yet amended her complaint to include the COBRA claim. (See Docket Nos. 13, 15, 18.) Although plaintiff had a continuing duty to update disclosures and discovery upon amending her complaint, defendant may not be heard to lament late notice of García's version of the facts, since it is defendant who first alleged that García has material knowledge relating to plaintiff's COBRA claim, not plaintiff. (See Docket No. 24 at 2, ¶ 6; Docket No. 24 at 13, ¶ 4; Docket No. 73 at 4.) Defendant's own witness, Ada Torres, identified García's role in the alleged delivery of the COBRA notice prior to the filing of defendant's motion for summary judgment. (Docket No. 24 at 12-13.) Accordingly, García's affidavit may serve as evidence to substantiate plaintiff's factual allegations in the context of her COBRA claim.

In paragraph 9, García states: "Immediately after my mother's termination the defendant replaced her with a younger employee, a male of approximately 25 years old, with much less experience and seniority than her, whom I recognized as the boyfriend of [plaintiff's supervisor] Mrs.

6

Annabelle Torres." Defendant argues that this paragraph should be stricken because García has not established her personal knowledge as to this statement. While personal knowledge may at times be inferred from other facts stated in an affidavit, the context of García's affidavit does not provide a reasonable basis to infer that she has personal knowledge of defendant's hiring actions after her mother's termination or that she has personal knowledge of Anabelle Torres's boyfriend. Accordingly, paragraph 9 of García's affidavit is stricken. See Pérez, 247 F.3d at 316.

## III.   CONCLUSION

For the reasons stated above, defendant's motion to strike (Docket No. 63) is GRANTED IN PART AND DENIED IN PART. In plaintiff's affidavit, the references to a "hostile work environment" in paragraph 3 and to "discrimination" elsewhere in plaintiff's affidavit are stricken, as well as any reference to plaintiff reporting to SIF prior to February 5, 2008. (Docket No. 57-4.) Paragraph 9 of García's affidavit is also stricken. (Docket No. 57-5.)

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of July, 2010.

s/ Marcos E. López
U.S. MAGISTRATE JUDGE