IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUANA E. DE LEÓN NIEVES,

Plaintiff,

v.

SALUD INTEGRAL DE LA MONTAÑA,

Defendant.

CIVIL NO.: 08-2130 (JAG)

**REPORT AND RECOMMENDATION**

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

In February 2008, plaintiff Juana Elena De León Nieves ("De León") was discharged at the age of fifty nine from her position as a janitor at Salud Integral de la Montaña ("Salud Integral"), a non-profit medical services corporation and the defendant in this case.[1]  (Docket No. 24, ¶¶ 1-3; Docket No. 57-2, ¶¶ 1-3; Docket No. 31-2 at 1, ll. 22-23, at 2, l. 17 and at 13, ll. 7-8; see Docket No. 57-4, ¶ 1.)  Plaintiff´s amended complaint alleges that Salud Integral discriminated against her on the basis of her age and retaliated against her based on her voiced opposition to such mistreatment, all in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq.*; Puerto Rico Law Num. 100 of June 30, 1959, as amended, P.R. Laws Ann., tit. 29, § 146 ("Law 100"); and Puerto Rico Law No.80 of May 30, 1976, as amended, P.R. Laws Ann., tit. 29, §§ 185a-185m ("Law 80"). (Docket No. 18.)  Plaintiff also claims that Salud Integral failed to comply with the notification requirements of the Consolidated Omnibus Budget Reconciliation Act (COBRA).

---

[1] Defendant has also been referred to as "Salud Integral en La Montaña." (See Docket No. 18.)

1

Id. Pending before the court are defendant's motion for summary judgment and "supplemental moton [sic] to motion for summary judgment," plaintiff's opposition to the motions, defendant's reply, and plaintiff's sur-reply.[2] (Docket Nos. 24, 25, 27, 57, 60, 61, 70, 71.)

## II.   LEGAL ANALYSIS

### A. Summary Judgment Standard

Summary judgment may be entered only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "'A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law.'" Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52. (1st Cir. 2000) (quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In order to defeat a properly supported motion for summary judgement, the opposing party

---

[2]Without providing a complete citation to a specific provision of Puerto Rico Law, the amended complaint alleges violations of "Article 5a of Law Num. 45." (Docket No. 18 at 2, 7.) However, in her opposition to the motion for summary judgment, plaintiff withdrew "her cause of action for violation to article 5(a) of the law of the State Insurance Fund." (Docket No. 57 at 1.) Accordingly, plaintiff's claim under "Law Num. 45" should be DISMISSED. The amended complaint also alleges a cause of action under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, et seq. (Docket No. 18 at 2, 7.) However, because plaintiff's case is based on age discrimination and alleges no facts in support of a claim under Title VII, plaintiff's claim under Title VII should be DISMISSED. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-51 (2009). At one point in the amended complaint, plaintiff also alleges that she was discriminated against "because of her disability." (Docket No. 18 at 3, ¶ 4.) There are no factual allegations substantiating this claim, rendering it entirely conclusory. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Therefore, to the extent plaintiff claims discrimination based on disability, that claim should also be DISMISSED.

must present more than a mere scintilla of "'definite, competent evidence'" demonstrating that a trial-worthy issue exists. Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994) (quoting Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1993)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Suárez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000).  For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Suárez, 229 F.3d at 53.

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).  The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citing Rossy v. Roche Prod., Inc., 880 F.2d 621, 624 (1st Cir. 1989)).  However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be)." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "'determinations of motive and intent . . . are questions better suited for the jury'" (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

### B. ADEA: Age Discrimination

De León claims that Salud Integral subjected her to a hostile working environment, failed to

increase her salary and benefits while increasing the salary and benefits of younger employees, suspended her, and ultimately terminated her based on her age. (Docket No. 18 at 3-5.) The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To prevail on her ADEA claim, plaintiff "must 'establish that age was the but-for cause of the employer's adverse action.'" Vélez v. Thermo King de P.R., Inc., 585 F.3d 441, 447 (1st Cir. 2009) ("Thermo King") (quoting Gross v. FBL Fin. Servs., Inc.,129 S.Ct. 2343, 2351 (2009).

Where, as here, a plaintiff does not have direct evidence to prove her allegations of age discrimination, she must make a *prima facie* case according to the McDonnell-Douglas burden-shifting framework. Thermo King, 585 F.3d at 446-47; Mojica v. El Conquistador Resort & Golden Door Spa, 2010 WL 1992575 (D.P.R. May 13, 2010). The employee must establish that: (1) she is over forty years of age; (2) her job performance was satisfactory and met the employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) the employer "did not treat age neutrally or retained younger persons in the same position." Bobe Muñiz v. Caribbean Rest., Inc., 76 F. Supp. 2d 171, 175 (D.P.R. 1999) (quoting Pages-Cahue v. Iberia Lineas Aéreas de España, 82 F.3d 533, 536 (1st Cir. 1996)); Thermo King, 585 F.3d at 447. The required *prima facie* showing is not especially burdensome. See Thermo King, 585 F.3d at 447; Greenberg v. Union Camp Corp., 48 F.3d 22, 26 (1st Cir. 1995); Sánchez v. P.R. Oil Co., 37 F.3d 712, 719 (1st Cir. 1994).

Establishing a *prima facie* case "gives rise to an inference that the employer discriminated due to the plaintiff's advanced years." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991). "The burden of production then shifts to the employer 'to articulate a legitimate, non-discriminatory

4

reason for its decisions.'" Thermo King, 585 F.3d at 447 (quoting Arroyo Audifred v. Verizon Wireless, Inc., 527 F.3d 215, 219 (1st Cir. 2008)). Where the employer articulates such a reason, the McDonnell-Douglas presumption disappears, and "'the sole remaining issue is discrimination *vel non*.'" Thermo King, 585 F.3d at 447 (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510 (1993)). Plaintiff must show that the legitimate reasons offered by the employer were a pretext for age discrimination and the discrimination was the but-for cause of the adverse employment action. Thermo King, 585 F.3d at 447 (citations omitted).

In the instant case, defendant does not dispute that plaintiff has established the first and third prongs of her *prima facie* case: she was in her fifties at the time of the alleged adverse employment actions and she suffered adverse employment action. (See Docket No. 25 at 8.) The court thus addresses only the second and fourth prongs.

As to the second prong, whether plaintiff's job performance was satisfactory, the complaint alleges that she performed her functions and duties "in an excellent way. She never received any warnings, nor was ever disciplined by any of her supervisors." (Docket No. 18 at 2, ¶ 2.) She also states in her affidavit in support of her opposition to the motion for summary judgment that she was at all times able to perform the duties her supervisor, Anabelle Torres ("Torres"), assigned to her. (Docket No. 57-2 at 4, ¶ 1 and at 7, ¶ 8; Docket No. 57-4, ¶¶ 13, 20; see Docket No. 60, ¶¶ 1, 8; Docket No. 61-3.) In response, defendant has failed to propose any fact specifically demonstrating that plaintiff's job performance did not meet her employer's expectations. Defendant's argument that plaintiff "was not performing to the employer's standard" cites to its proposed fact that "plaintiff stated that she was discharged because she could not perform a specific job task with a machine." (Docket No. 25 at 8, see Docket No. 24, ¶ 8; Docket No 31-2 at 4.) This fact, while substantiated

5

by plaintiff's deposition testimony, is insufficient to show that there is no controversy as to whether defendant was or was not satisfied with her performance.  First, plaintiff's termination letter, submitted by defendant, makes no mention of unsatisfactory work performance.  Instead, the letter bases plaintiff's termination on her unauthorized absence from work for more than three consecutive days, a fact which is in dispute. (See Docket No. 24, ¶ 4; Docket No. 57-2 at 1-3, ¶ 4; Docket No. 31-2 at 5-8; Docket No. 57-5, ¶¶ 2-5; Docket No. 60 at 6-7; Docket No. 71 at 4-6.)  Second, even assuming the fact that plaintiff "could not perform a specific job task with a machine," the ambiguity of the statement renders it inconsequential on the issue of defendant's satisfaction with her work, since defendant has not directed the court to any evidence establishing what machine the plaintiff is referring to or its importance to her janitorial performance.  Thus, for the purposes of summary judgment, plaintiff has adequately established that her job performance was satisfactory.[3]

Turning to the fourth prong of plaintiff's *prima facie* case, plaintiff must establish that defendant did not treat age neutrally or, where the alleged adverse employment action is termination, that defendant "subsequently filled the position, demonstrating a continuing need for the plaintiff's services." Thermo King, 585 F.3d at 447 (citations omitted).  Although the complaint alleges that plaintiff suffered adverse employment action in the form of a hostile work environment, refusal to increase salary and benefits while younger employees received salary and benefit increases, suspension, and termination, defendant's motion for summary judgment only addresses plaintiff's termination. (Docket No. 60.)  In particular, plaintiff alleges, *inter alia*, that defendant created a hostile work environment by "constantly telling [her] that she was old and worthless and that she

---

[3] See also Docket No. 57-4 at ¶20 (plaintiff's statement under penalty of perjury stating that "[n]otwithstanding [Ada] Torres' actions against me, I, at all times, was able to perform the jobs assigned by Torres to me).

should resign from her position," assigning her "intolerable and impossible" jobs and "the worst working shifts," and imposing upon her "alone the most physical demanding functions and duties, while the younger employees had much better terms and conditions of employment." (Docket No. 18 at 3-4, ¶¶ 5, 6, 7, 11, 13, 15.) A hostile work environment may form the basis of an ADEA claim. Collazo v. Nicholson, 535 F.3d 41, 44 (1st Cir. 2008).  Plaintiff also alleges that the defendant "suspended her from employment and salary for totally false and unjustified reasons," and that it "filed [sic] to increase plaintiff's salary and benefits, while at the same time [it] increased the salary and benefits of the other younger employees." (Docket No. 18 at 4, ¶¶ 13-14.)  These actions also may constitute adverse employment actions in the ADEA context. See, e.g., Sepulveda v. Glickman, 167 F. Supp. 2d 186, 193 (D.P.R. 2001) ("Typically, the employer must either (1) take something of consequence from the employee, say, by discharging or demoting her, reducing her salary, or divesting her of significant responsibilities, or (2) withhold from the employee an accouterment of the employment relationship, say, by failing to follow a customary practice of considering her for promotion after a particular period of service." (quoting Simas v. First Citizens' Federal Credit Union, 170 F.3d 37, 49 (1st Cir. 1999))); Wyatt v. City of Boston, 35 F.3d 13, 15-16 (1st Cir. 1994) (per curiam) (in Title VII case, adverse employment actions include "demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations and toleration of harassment by other employees"); Martínez Jordan v. Baxter Healthcare Corp., 608 F. Supp. 2d 224, 236, 240 (D.P.R. 2009) (considering suspension as adverse employment action for purposes of ADA and ADEA retaliation).

In light of defendant's failure to specifically address these matters in its motion for summary judgment, plaintiff's allegations suffice to establish her *prima facie* case as to the alleged age

discrimination claims based on hostile work environment, suspension, and failure to increase plaintiff's salary or benefits. Accordingly, plaintiff has met the fourth prong of her *prima facie* case as to her claims that defendant was not age neutral regarding work environment, salary and benefits, and suspension, and the court proceeds to exclusively address defendant's various arguments disputing plaintiff's claim that her termination was based on her age.[4]

Defendant advances four separate arguments with regard to plaintiff's termination claim. First, defendant argues that plaintiff cannot establish a *prima facie* case with regard to termination. Nevertheless, defendant fails to propose any facts suggesting that defendant did not have a continuing need for plaintiff's services, as it must in order to contest plaintiff's *prima facie* case.[5] Thus, plaintiff has established all elements of a *prima facie* case with regard to her termination claim, in addition to the other alleged adverse employment actions.

Second, defendant argues that, in any case, plaintiff cannot establish that age was the but-for cause of her termination because she stated in her deposition that the only reason she was fired was because she could not work with a particular machine because "it was too much for me. That work was for a man." (Docket No. 24, ¶ 8; Docket No. 24-2 at 5; Docket No. 25 at 8-9; Docket No. 31-2

---

[4] We also note that aside from the allegations of the complaint, plaintiff's affidavit contains specific statements substantiating her claims that defendant subjected her to a hostile work environment and suspended her because of her age. (Docket No. 57-2 at 4-7 and 9, ¶¶ 1, 2, 4, 6, 19, 21; Docket No. 57-4, ¶¶ 13, 14, 16, 18, 19, 31-32; Docket No. 24 at 12-13; Docket No. 61; Docket No. 61-3.)

[5] Plaintiff has pointed to her own affidavit, which states that immediately after her termination, the defendant replaced plaintiff with a younger employee, approximately 25 years old, with much less experience than plaintiff, whom plaintiff recognized as Torres's boyfriend. (Docket No. 57-2 at 9, ¶ 21; Docket No. 57-4, ¶ 34.) Defendant suggests that this statement holds no evidentiary weight because it is conclusory and no evidence establishes plaintiff's personal knowledge of any alleged replacement. (Docket No. 61, ¶ 21.) Whether or not plaintiff's sworn statement suffices to substantiate the proposed fact, on summary judgment, the movant bears the burden of showing the absence of a material fact in controversy, and defendant cannot prevail merely by calling into question the foundation of plaintiff's knowledge without evidence. Defendant has failed to come forth with any evidence that plaintiff was not replaced by a younger employee, in either its proposed statement of facts or its reply to plaintiff's proposed facts.

at 4.) However, later in that same deposition, plaintiff stated, "she always said that they were going to fire to get young people and the one with more age was me." (Docket No. 57-3 at 14, ll. 3-4.) Plaintiff made this statement in the context of a discussion about why her employer terminated her, while it did not terminate "Doña Carmen," an employee who plaintiff admits is older than her. Plaintiff explains that Doña Carmen was retained because Doña Carmen has a daughter who is a lawyer.(Docket No. 57 at 14.) In this context, plaintiff's statement suffices to establish an issue of fact as to whether age was the reason for plaintiff's termination, even though plaintiff stated earlier that she was fired "because of the machine."

Third, defendant argues that plaintiff's ADEA cause of action should be dismissed because ADEA does not allow for compensatory or punitive damages and plaintiff suffered no economic injury on account of her termination.[6] See Collazo v. Nicholson, 535 F.3d 41, 44-45 (1st Cir. 2008); Kolb v. Goldring Inc., 694 F.2d 869, 872 (1st Cir. 1982).[7] It is uncontested that the Social Security Administration determined that plaintiff has been totally disabled and unable to work since her termination, and consequentially neither lost wages nor reinstatement are available remedies for plaintiff's ADEA claim. (Docket No. 24, ¶ 9; Docket No. 57-2 at 4, ¶ 9 and at 9, ¶ 22; Docket No. 31-2 at 5, ll. 1-14, Docket No. 57-4, ¶ 11.)[8] However, the statute may provide her with a declaratory

---

[6] Defendant raises this argument for the first time in its reply to plaintiff's opposition to defendant's motion for summary judgment. Local Rule 7(c) requires that reply memoranda be confined to replying to new matters raised in the objection or opposing memorandum.

[7] While the Supreme Court has noted that the ADEA's provision for liquidated damages is intended to be "punitive in nature," such damages are unavailable where there is no actual monetary injury. Trans World Airlines Inc. v. Thurston, 469 U.S. 111, 125-26 (1985); see 29 U.S.C. §626(b).

[8] In her deposition, plaintiff stated that she has been completely disabled and unable to work since she was fired in February, 2008. (Docket No. 31-2 at 5, ll. 12-14.) She later stated in an affidavit that she was declared to be totally disabled "in or around May of 2008." (Docket No. 57-4, ¶ 11.) To the extent that plaintiff's statement in her affidavit contradicts her earlier deposition statement, it may not be used to support plaintiff's proposed facts. (See Docket No. 57-2 at 9, ¶ 22;) Colburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325, 332 n. 3 (1st Cir.

9

judgment and attorney's fees related to that claim, both of which plaintiff requests in her complaint. See McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 357 (1995) (citing 29 U.S.C. §626(b)); (Docket No. 18 at 8.) Since the statute does prescribe a requested remedy for the alleged termination based on age, the unavailability of economic damages does not preclude that claim from proceeding.

Fourth and finally, defendant argues that even if plaintiff has established her *prima facie* case for termination under ADEA, defendant has articulated a non-discriminatory reason for the alleged adverse employment action sufficient to grant summary judgment. Defendant argues that plaintiff was not terminated based on her age, but rather because she was absent from work without notifying her supervisor between February 2, 2008 and February 5, 2008, the day defendant dated her termination letter. (Docket No. 60 at 6.) Indeed, this is the reason defendant articulated in the letter. (Docket No. 31-2 at 8.) However, plaintiff's daughter, Maciel Y. García De León ("García") states in a sworn affidavit that on February 2, 4, and 5, 2008, she informed Torres that her mother was unable to report to work due to her emotional condition and that her mother "was going to go to the State Insurance Fund ('SIF') in order to receive treatment." (Docket No. 57-5, ¶¶ 3-5.) Accordingly, an issue of material fact remains as to whether defendant's articulated reason is pretextual, and plaintiff must be given an opportunity to prove at trial that age was the but-for cause of her termination.

### C. ADEA: Retaliation

The ADEA prohibits an employer from discriminating against an individual because she "has

---

2005) ("'when an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory' without providing 'a satisfactory explanation of why the testimony is changed'" (quoting Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994))).

10

made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation" under ADEA. 29 U.S.C. § 623(d). To establish a *prima facie* case of retaliation under the ADEA, a plaintiff must show: (1) that she engaged in protected conduct; (2) that she suffered an adverse employment action; and (3) that the adverse employment action was causally connected to the protected conduct. Ramírez Rodríguez v. Boehringer Ingelheim Pharm., Inc., 425 F.3d 67, 84 (1st Cir. 2005) (citing Mesnick v. Gen. Elec. Co., 950 F.2d 816, 827 (1st Cir. 1991)). Once a plaintiff satisfies the elements of the *prima facie* case of retaliation, a burden of production falls on the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action, just as in the context of a claim for discrimination under the ADEA. See Ramírez Rodríguez, 425 F.3d at 84. The ultimate burden of persuasion, however, always remains with the plaintiff, who must show that the employer's nondiscriminatory reason is a pretext for retaliatory discrimination. Id. At the summary judgment stage, "the critical inquiry is whether the aggregate evidence of pretext and retaliatory animus suffices to make out a jury question." Id. (internal quotation omitted).

Plaintiff alleges that defendant violated the ADEA by terminating her in retaliation for her complaints to her supervisors about age discrimination. (Docket No. 18, ¶ 10.) Defendant argues that plaintiff's retaliation claim should be dismissed for three reasons. First, defendant asserts that plaintiff did not engage in protected activity. (Docket No. 25 at 9 ("the alleged protected activity never occurred.")) Protected activity refers to actions taken in protest or to oppose statutorily prohibited discrimination, including complaints to management. 29 U.S.C. § 623(d); Cruz v. Coach Stores, Inc., 202 F.2d 560, 567 (2d Cir. 2000) (quoting Sumner v. U.S. Postal Serv., 899 F.2d 203, 209 (2d Cir. 1990)); Fantini v. Salem State College, 557 F.3d 22, 32 (1st Cir. 2009); Colón v. San Juan Marriot Resort and Stellaris Casino, 600 F. Supp. 2d 295, 315 (D.P.R. 2008). Citing affidavits

11

from Torres and Ada Torres, Salud Integral's director of Human Resources, defendant denies that plaintiff complained to anyone about age discrimination or that its officers reacted to plaintiff's alleged complaints in a retaliatory manner. (Docket No. 61, ¶¶ 10-17; Docket No. 61-2, ¶ 9; Docket No. 61-3, ¶ 9; see Docket No. 24, ¶ 5; Docket No. 57-2, ¶ 5; Docket No. 24 at 12, ¶ 2.) However, according plaintiff's affidavit, almost every month that she was supervised by Torres, beginning in 2006, she complained to Ada Torres, and to Torres herself, about the alleged discriminatory actions, but none of defendant's officers conducted any investigation or took any type of corrective action, thus permitting the alleged discriminatory actions to continue. (Docket No. 57-2 at 7, ¶ 10; Docket No. 57-4, ¶ 22.) Thus, even though plaintiff's evidence is controverted, it is sufficient to demonstrate for the purpose of the pending dispositive motion that she complained to supervisors in order to meet the "protected activity" prong of the ADEA *prima facie* case.

Defendant's second argument is that plaintiff did not show a causal connection between her protected activity and her adverse employment action, because the reason for plaintiff's discharge was that she was absent for more than three consecutive days without authorization. (Docket No. 60 at 6-7; see Docket No. 31-2 at 8.) As noted above, there is a genuine issue of material fact as to whether plaintiff was in fact absent without authorization. (Docket No. 24, ¶ 4; Docket No. 57-2 at 1-3, ¶ 4; Docket No. 31-2 at 5-8; Docket No. 57-5, ¶¶ 2-5.) Moreover, plaintiff states in her affidavit that when she complained to Ada Torres, Ada Torres told her "to shut up, that she was sick and tire[d] of listening to her complaints, and that if she continued complaining, she was going to be discharged." According to plaintiff, Ada Torres also told her that she was old and should resign and that "defendant was not going to do anything, notwithstanding De León's complaints, and that if De León did not like it, she must leave." (Docket No. 57-2 at 7-8, ¶¶ 11-13; Docket No. 57-4, ¶ 23-25.)

Plaintiff states that Annabelle Torres also told her that she would be discharged because of her complaints about discrimination. (Docket No. 57-2 at 8, ¶ 14; Docket No. 57-4, ¶ 26.) For the purposes of summary judgment, the statements of Ada Torres and Annabelle Torres suffice to establish a causal connection between plaintiff's termination and her protected activity.[9]

Finally, defendant argues that plaintiff's retaliation claim should be dismissed because she failed to articulate it at the administrative level.[10] Docket No. 60 at 7-8.) The First Circuit has "'held that a judicial complaint can encompass discrete acts of retaliation reasonably related and growing out of the discrimination complaint of to the agency.'" Montalvo-Padilla v. Univ. of P.R., 498 F. Supp. 2d 464, 465-66 (D.P.R. 2007) (quoting Clockedile v. N.H. Dep't of Corr., 245 F.3d 1, 6 (1st Cir. 2001)). In her administrative complaint, plaintiff stated, "[o]n several occasions I told the officers of the [defendant] that I felt discriminated, pressured, and harassed due to my age. . . . however, it never did anything, on the contrary, it allowed and promoted that the discrimination, the harassment, the pressure, and the discriminatory actions described above against me to continue until the date of my termination." (Docket No. 75-2 at 3.) While plaintiff did not specifically use the term "retaliation" in her administrative complaint, the facts alleged therein are reasonably related to the

---

[9] In addition, plaintiff's complaint alleges that defendant subjected her to various other adverse employment actions – a hostile work environment, a failure to increase salary and benefits, and suspension – in retaliation for her complaints. (Docket No. 18.) As previously discussed, defendant's motion for summary judgment does not address these adverse employment actions, either in the context of age discrimination or in the context of retaliation. Accordingly, the allegations are sufficient to show that defendant subjected plaintiff to a hostile work environment, failed to increase her salary and benefits, and suspended her in retaliation for her complaints of age discrimination.

Moreover, plaintiff's affidavit specifically states that in response to her complaints, Torres assigned her "the most physical demanding functions and duties" "'para que te sigas quejando' ('so you keep complaining')" (plaintiff's translation) and specifies that in January, 2008, after plaintiff had been complaining "almost on a monthly basis" since 2006, Torres suspended her because she was unable to move a refreshment machine weighing over 1,000 pounds, while other employees were sitting and making fun of her. (Docket No. 57-2 at 8, ¶ 14-17, 19; Docket No. 57-4, ¶¶ 22, 26, 31.)

[10] Again, defendant's argument is procedurally deficient because it is raised for the first time in defendant's reply. See Local Rule 7(c).

plaintiff's retaliation claim as presented before this court. Thus, defendant's request to dismiss plaintiff's retaliation claim should be DENIED.

**D. COBRA**

"COBRA requires employers to give employees the opportunity to continue health care coverage for a specified period of time after a 'qualifying event,' at the employee's expense. Termination of employment is considered a 'qualifying event.'" Torres-Negrón v. Merck & Co., 488 F.3d 34, 45 (1st Cir. 2007) (citing 29 U.S.C. §§ 1161(a), 1163(2); Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 103 (1st Cir. 2004)). COBRA also imposes a burden upon the employer to notify the plan administrator, if the administrator is a separate entity, of the occurrence of the qualifying event, within 30 days. 29 U.S.C. § 1166(a)(2). Next, within 14 days, the administrator must notify the employee and qualified beneficiaries of their rights to continued coverage. 29 U.S.C. § 1166(a)(4).

The parties dispute whether plaintiff was timely notified of her rights under COBRA following her termination. (Docket No. 57-2 at 9-10, ¶ 23; Docket No. 61, ¶ 23; Docket No. 31-2 at 12-13.) On February 7, 2008, defendant gave plaintiff's letter of termination, dated February 5, 2008, to plaintiff's daughter, García, for delivery to plaintiff. (Docket No. 24, ¶ 4; Docket No. 57-2 at 2-3, ¶ 4; Docket No. 24-3, ¶ 4; Docket No. 57-5, ¶ 7.) Defendant asserts that it also presented García with a letter advising plaintiff of her COBRA rights, and it has submitted to the court a copy of that COBRA notice, dated February 7, 2008, allegedly with García's signature indicating receipt. (Docket No. 24, ¶ 6; Docket No. 24-3, at 2-8; Docket No. 31-2 at 8-13) Plaintiff, on the other hand, asserts that she never received the COBRA notice, and she has submitted an affidavit from García declaring that defendant never provided her with the COBRA notice and that the signature appearing

14

on the COBRA notice in evidence is not García's signature. (Docket No. 57-2, ¶ 6; Docket No. 57-5, ¶ 8.) Thus, a genuine issue of material fact remains as to whether defendant presented García with the COBRA notice to deliver to plaintiff. Defendant has presented no evidence to suggest that it provided the requisite notice through some other means. Accordingly, summary judgment on plaintiff's COBRA claim should be DENIED.

**E. Puerto Rico Law 100**

"On the merits, age discrimination claims asserted under the ADEA and under Law 100 are coterminous." Dávila v. Corp. de P.R. para la Difusión Pública, 498 F.3d 9, 18 (1st Cir. 2007) (citing González v. El Día, 304 F.3d 63, 73 (1st Cir. 2002)). Because the court recommends the denial of defendant's motion for summary judgment as to plaintiff's ADEA claims, defendant's motion as to Law 100 should be DENIED as well. See Marquez v. Drugs Unlimited, Inc., 2010 WL 2266899 (D.P.R. June 3, 2010) (slip copy).

**F. Puerto Rico Law 80**

Puerto Rico's Law 80 prohibits unjust dismissal: that is, discharge based on a reason not allowed by the statute. P.R. Laws Ann., tit. 29, § 185b. "A discharge made by the mere whim of the employer or without cause relative to the proper and normal operation of the establishment shall not be considered as a discharge for good cause." Id. Law 80 establishes a presumption against employers. "An employee's initial burden is to allege unjustified dismissal and prove actual dismissal. Upon this allegation, the burden of proof shifts to the employer, who must establish – by the preponderance of the evidence – that the discharge was justified." Moráles v. Nationwide Ins. Co., 237 F. Supp. 2d 147, 153 (D.P.R. 2002) (citing Álvarez-Fonseca v. Pepsi Cola of P.R. Bottling Co., 152 F.3d 17, 28 (1st Cir. 1998); Belk Arce, 146 P.R. Dec. 215, 230-31 (1998)). Here,

plaintiff's complaint alleges unjustified dismissal and it is uncontested that she was discharged. Thus, defendant bears the burden to bring forth evidence that the discharge was justified. Defendant does not specifically address plaintiff's Law 80 claim in its motion for summary judgment. Nevertheless, to the extent that defendant intends to establish that plaintiff's dismissal was justified by her unauthorized absence from work between February 2, 2008 and February 5, 2008, that is a fact in controversy. (See Docket No. 24, ¶ 4; Docket No. 57-2 at 1-3, ¶ 4; Docket No. 31-2 at 5-8; Docket No. 57-5, ¶¶ 2-5; Docket No. No. 60 at 6-7; Docket No. 71 at 4-6.) Therefore, defendant's motion for summary judgment as to plaintiff's Law 80 claim should be DENIED.

### III. CONCLUSION

For the reasons stated above, it is recommended that defendant's motion for summary judgment (Docket No. 25; Docket No. 27) be DENIED. However, plaintiff's claims of disability discrimination, as well as her causes of action under Title VII and "Article 5a of Law Num. 45" should be DISMISSED.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Fed. R. Civ. P. 72(b); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4, 6-7 (1st Cir. 1986).

In San Juan, Puerto Rico, this 30th day of July, 2010.

                                        s/ Marcos E. López
                                        U.S. MAGISTRATE JUDGE