```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO


 JUANA E. DE LEAON NIEVES,

      Plaintiff
                                    CIVIL NO. 08-2130 (JAG)
         v.


 SALUD INTEGRAL DE LA MONTAÑA,

      Defendant
```

## OPINION AND ORDER

Pending before the Court are Salud Integral de la Montaña's Motion for Summary Judgment (Docket No. 25) and Supplemental Motion (Docket No. 27), as well as a Magistrate Judge's Report and Recommendation advising that the motions be denied. For the reasons stated below, the Court **ADOPTS** in part and **REJECTS** in part the Report and Recommendation and accordingly **DENIES** both motions for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Juana E. De León Nieves ("Plaintiff") was born on November 9, 1948. (Defendant's Statement of Material Uncontested Facts ["DSUF"], Docket No. 24, ¶ 2). She worked as a janitor for Salud Integral de la Montaña ("Salud"), a non-profit dedicated to providing medical services, beginning in 1990 until her discharge on February 2008. Id. at ¶ 1, 3. She was 59 years old at the time. Id. at 2.

Several months later, on October 2, 2008, she filed the present case. According to the Amended Complaint, she suffered discrimination by reason of age, retaliation due to her opposition to Salud's unlawful employment practices, civil rights violations, and a violation of Art. 5(a) of Law Num. 45 of April 16, 1948 and violations of the Consolidated Onmibus Budget Reconciliation Act, 29 U.S.C. §§ 1161 *et seq.* ("COBRA"). (Docket No. 18, ¶ 1).

She alleges that beginning in 2006, after Salud hired a new director, Ms. Anabelle Torres ("Torres"), she was the victim of constant harassment and discrimination. Id. at ¶ 4. She was allegedly assigned to work alone on the worst shifts and was threatened with termination if she did not perform all duties. Id. at ¶¶ 5, 6, 7. She was also purportedly told that she was old and worthless and should resign. Id. at ¶ 9. She became deeply affected by the alleged hostile environment at Salud.

According to the Amended Complaint, on January 24, 2008 her doctor ordered her to rest for three days because of her mental and emotional condition. Id. at ¶ 17. On January 25, Plaintiff's daughter, Ms. Maciel Y. García de Jesús ("Ms. García") allegedly delivered a medical certificate to Salud explaining the reasons for Plaintiff's absence from work. Plaintiff's doctor subsequently ordered her to continue resting and authorized her return to work on February 2, 2008. Id. at 18. On said date, Ms.

García called Salud and informed it that Plaintiff was not able to return to work on that day. Id. at 19. Finally, on February 7, 2008, when Ms. García returned to Salud she was given Plaintiff's termination letter. Id. at 23. It states that Plaintiff was being discharged due to unauthorized absences. (Docket No. 31-2). According to the Amended Complaint, she was replaced by someone younger. Id. at 25.

On December 21, 2009, Salud filed a Motion for Summary Judgment. (Docket No. 25). The next day, it filed a Supplemental Motion for Summary Judgment. (Docket No. 27). In the motion, Salud argues that Plaintiff admitted in her deposition that she was not terminated because of her age, but because she could not perform a specific job task with a machine. (Docket No. 25, pp. 7-8). Based on this, Salud posits that she is unable to establish a *prima facie* case of age discrimination because she cannot show that she satisfied their legitimate job expectations. Id. In its Supplemental Motion, Salud argues that it is uncontested that it complied with its obligation under COBRA to notify Plaintiff of her right to continued health benefits. (Docket No. 27, p. 2).

On March 16, 2010, Plaintiff filed her Opposition to the Motion for Summary Judgment. (Docket No. 57). She argues that she met and exceeded Salud's job expectations and that Salud had stated all along that the termination was due to unauthorized

absences. Id. at 3. She argues that she was able to establish a *prima facie* case of age discrimination, retaliation and hostile work environment. She further avers that Salud's stated reasons for the termination are pretextual since at all times during her absence it was informed by Ms. García that she was ill and unable to work. Id. at 20. Finally, she requested the dismissal of the claim under Art. 5(a) of Law Num. 45 of April 18, 1948.

On March 4, 2010, the Motion for Summary Judgment and the Supplemental Motion were referred to a Magistrate Judge for a Report and Recommendation. (Docket No. 52). The parties further briefed the Court regarding the issues in controversy. Salud filed a Reply. (Docket No. 51) and Plaintiff filed a Sur-Reply. (Docket No. 71).

It must be noted that Salud filed a Motion to Strike certain portions of Plaintiff and Ms. García's affidavits submitted with Plaintiff's opposition to the motions for summary judgment. (Docket No. 63). The Motion to Strike was referred to a Magistrate Judge for disposition and he issued an Opinion and Order denying in part and granting in part Salud's request. (Docket No. 65; 80). The parties did not move for reconsideration of the Magistrate Judge's Opinion and Order.

Subsequently, the Magistrate Judge issued a Report and Recommendation advising the Court to deny Salud's motions for summary judgment. (Docket No. 80). In it, the Magistrate Judge

concludes that there are material issues of fact regarding whether Salud was satisfied with Plaintiff's job performance. Specifically, the Magistrate Judge found that given that the termination letter only referred to unauthorized absences, Salud may not rely on Plaintiff's ambiguous deposition testimony that she could not perform a specific task with a machine to establish that she did not meet its expectations. (Id. at pp. 5-6). He also found that there are issues of material fact regarding whether she was treated differently than other younger employees and whether this treatment constituted a hostile work environment. Furthermore, the Magistrate Judge found that, even though Plaintiff stated in her deposition that she was fired because she could not perform a task with a machine, she also testified that she was fired because of her age. Id. at 9. The Magistrate Judge also found that, contrary to Salud's allegations, the fact that Plaintiff became totally disabled after her termination does not preclude all remedies under ADEA and a declaratory judgment and attorney's fees may still be awarded. Finally, he determined that there were issues of fact regarding whether proper notice under COBRA was given to Plaintiff.

Salud timely filed its Objections to the Report and Recommendation. (Docket No. 84). It raises three objections. First, that the Magistrate Judge erred in finding that despite

Plaintiff having become totally disabled shortly after her termination she may be entitled to a declaratory judgment and attorney's fees. Second, that the Magistrate Judge improperly relied on Ms. García's affidavit, which it argues is a sham and; third, that the Report and Recommendation incorrectly deemed that Plaintiff exhausted the mandatory administrative claims process for her retaliation claim.

**STANDARD OF REVIEW**

1. Summary Judgment Standard

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits." Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008) (citing Fed. R. Civ. P. 56(c)). The issue is "genuine" if it can be resolved in favor of either party. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). A fact is "material" if it has the potential to change the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "In prospecting for genuine issues of material fact, we resolve all conflicts and draw all reasonable

inferences in the nonmovant's favor." Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008).

Although this perspective is favorable to the nonmovant, once a properly supported motion has been presented before a Court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant this Court's denial of the motion for summary judgment. Anderson, 477 U.S. at 248. The opposing party must demonstrate "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (internal citations omitted). Moreover, on issues "where [the opposing] party bears the burden of proof, it 'must present definite, competent evidence' from which a reasonable jury could find in its favor." United States v. Union Bank for Sav. & Inv.(Jordan), 487 F.3d 8, 17 (1st Cir. 2007) (citing United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992)). Hence, summary judgment may be appropriate, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (citing Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)). It is important to note that throughout this process, this Court cannot make credibility determinations, weigh the evidence, and make

legitimate inferences from the facts, as they are jury functions, not those of a judge. Anderson, 477 U.S. at 255.

2. Standard for Reviewing a Magistrate-Judge's Report and Recommendation

Pursuant to 28 U.S.C. §§ 636(b) (1) (B); Fed.R.Civ.P. 72(b); and Local Rule 73; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections." United States of America v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003)(quoting 28 U.S.C. §§ 636(b)(1)). If objections are timely filed, the District Judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections," the district court can assume that they have agreed to the magistrate's recommendation'." Alamo Rodriguez, 286 F.Supp.2d at 146(quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985).

**ANALYSIS**

As a preliminary matter it must be noted that more than two months after Salud filed its Objections to the Report and Recommendation and more than a year after the date set by the Court in the Case Management Order, it filed a Motion to Dismiss under Rule 12(b)(6). (Docket No. 91). At Plaintiff's request said motion was stricken from the record. (Docket No. 93). Salud filed a Motion for Reconsideration. (Docket No. 94). In the Motion to Dismiss Salud had essentially attempted to rehash and revamp the arguments it set forth in its Motion for Summary Judgment and in its first objection to the Report and Recommendation. Its arguments will be addressed below.

Salud's first objection to the Report and Recommendation is that the Magistrate Judge erred in finding that Plaintiff may have a cognizable claim under ADEA even though she was found to be totally disabled shortly after her termination. It specifically argues that ADEA only recognizes economic damages and, since Plaintiff is disabled and may not claim any economic losses, there is no injury that could be redressed by a declaratory judgment. Salud is mistaken.

A district court is authorized to afford relief by means of reinstatement, back pay, injunctive relief, declaratory judgment and attorneys fees when confronted with a violation of ADEA. McKennon v. Nashville Banner Publishing Co., 513 U.S. 352 (1994)

(citing 29 U.S.C. § 626(b)). ADEA and Title VII share common substantive features and also a common purpose: 'the elimination of discrimination in the workplace.'" Id. at 358 (citing Oscar Mayer & Co. v. Evans, 441 U.S. 750, 756 (1979)). "Deterrence is one object of these statutes. Compensation for injuries caused by the prohibited discrimination is another". Id. (citing Albemarle Paper Co. v Moody, 422 U.S. 405, 418 (1975)).

In Johnson v. Spencer Press of Maine, Inc., 364 F.3d 368, 383 (1st Cir. 2004), the First Circuit found that a plaintiff who is unable to work due to a disability is not precluded from receiving back pay when the employer caused the disability. It stated that, "[t]his rule is merely a logical corollary of the principle that the victims of discrimination should be restored, 'so far as possible… to a position where they would have been were it not for the unlawful discrimination.'" Id. at 384.

Given this First Circuit precedent, it is clear that the Magistrate Judge erred in finding that Plaintiff may only be entitled to a declaratory judgment. The fact that Plaintiff became disabled does not preclude her from receiving back pay if, as she alleges in the Amended Complaint, the discrimination caused her disability. (Docket No. 18, ¶¶ 15, 16, 34). Furthermore, even if Plaintiff is unable to prove that her disability was caused by Salud, she may still receive declaratory relief, as held by the Magistrate Judge. In any

case, Salud is not entitled to the dismissal of the case due to Plaintiff's disability as if the disability could erase the purported discrimination.

Salud's second objection to the Report and Recommendation is that the Magistrate Judge incorrectly relied on sham portions of Ms. Garcia's affidavit to find that there are issues of material fact regarding the proffered reason for termination.[1] The Court, however, need not consider whether the portions of the affidavit in question are a sham because it referred Salud's Motion to Strike to a Magistrate Judge for disposition. Since he granted in part and denied in part the motion before issuing the Report and Recommendation, and none of the parties requested reconsideration, the matter was settled.

However, even if the Court were to entertain Salud's objection it is clear that it is unmeritorious because Ms. García's affidavit states that she personally delivered a medical certificate and continuously informed Salud that her mother was ill until the day she was handed the termination

---

[1] Salud states in its Objections to the Report and Recommendation that "the R&R did not take in consideration the case law that established that the fact that a plaintiff discredits the reasons proffered by the employer does not automatically mandate a finding of discrimination." (Docket No 84, p. 4). The Magistrate Judge, however, did not make "a finding of discrimination." Instead, he found, as does the undersigned, that there are material issues of fact regarding Salud's proffered reason for discrimination that preclude summary judgment as a matter of law at this point.

letter. (Docket No. 57-5, ¶¶ 2-7). This alone disputes Salud's claim that her absences were unjustified. Even if Ms. Garcia's affidavit contradicts Plaintiff's deposition testimony in an unrelated portion, said fact would not be grounds for finding that it is a sham affidavit. As the Magistrate judge stated in his Opinion and Order, no precedent has been identified "requiring that the Court strike statements of an affiant which contradicts statement in a prior deposition of someone else." (Docket No. 80, p. 5).

Salud's final objection is that the Report and Recommendation erroneously found that Plaintiff had exhausted the administrative remedies for the retaliation claim. It specifically objects to the conclusion that even if Plaintiff did not particularly employ the term "retaliation" in the administrative complaint she filed before the Equal Employment Opportunity Commission ("EEOC"), "the facts alleged therein are reasonably related to the plaintiff's retaliation claim as presented before this court." (Docket No. 81, pp. 13-14). Salud argues that the Magistrate Judge incorrectly applied the exception to the rule of exhaustion of admistrative remedies set out in Clockedile v. New Hampshire Dept. of Corrections, 245 F.3d 1 (1st Cir. 2001).

The Court finds that no incorrect application of current law occurred. In Clockedile, *supra*, the First circuit found

that, "[o]n balance, the cleanest rule is this: retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination—*e.g.*, the retaliation is for filing the agency complaint itself." The example given by the First Circuit does not mean that only claims of retaliation that are related and grow out of the discrimination and occurred *after* the agency complaint are preserved. The rule, which is in reality an exception, is that all claims of relation -those that occurred before and those that occurred after the agency complaint- which reasonably relate and grow out of the discrimination, may be preserved. The First Circuit applying Clockedile, *supra*, has stated that "[a]s a general matter, the scope of an employment discrimination action is not strictly limited to those acts and incidents described in the administrative complaint." Sinia v. Verizon New Eng., Inc., 76 Fed. App. 338 (1st Cir. 2003). This is a sound rule, for it minimizes the danger of mouse-trapping complainants, who often file their agency complaint without counsel. See Clockdile at 9.

The rule set out in Clockdile, *supra*, was not altered by Amtrak v. Morgan, 536 U.S. 101, 103 (2002), a Title VII case which established that "discrete discriminatory acts are not actionable if time barred, even when they are relayed to acts alleged in timely filed charges." Evidently, Morgan, *supra*, is a

Civil No. 08-2130 (JAG)                                            14

case relating to the *timeliness* of administrative claims regarding discrete discriminatory acts, which is not in dispute in this case.

The Charge affidavit submitted with the EEOC charge in this case states, "[on several occasions I told the officers of the [defendant] that I felt discriminated, pressured, and harassed due to my age… however, it never did anything, on the contrary, it allowed and promoted that the discrimination, the harassment, the pressure, and the discriminatory actions described above against me to continue until the day of my termination." (Docket 75-2 at p. 3). The Court finds that Plaintiff's retaliation claim is directly related to the discriminatory actions described in the cited portions of the EEOC charge. Specifically, the portion that states that instead of addressing the alleged discrimination, Salud's officers acted "on the contrary, [and] allowed and promoted [the discrimination]". This language is reasonably understood as a claim regarding retaliatory actions for it conveys that after her complaints it increased its discrimination. Id. Therefore, it must be concluded that the retaliation claim was properly preserved in the EEOC charge.

## CONCLUSION

For the reasons set forth below, the Court **ADOPTS** in part and **REJECTS** in part the Report and Recommendation and

accordingly **DENIES** Salud's Motion for Summary Judgment (Docket No. 25) and Supplemental Motion (Docket No. 27). Salud's Motion for Reconsideration is also **DENIED**.

IT IS SO ORDERED.

   In San Juan, Puerto Rico, this 22nd day of February, 2011.

                                   <u>S/ Jay A. Garcia-Gregory</u>
                                   JAY A. GARCIA-GREGORY
                                   United States District Judge